**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

PEDRO RIVERO VELAZQUEZ,

        Petitioner,

v.                                         Case No. 3:26-cv-1018-WWB-SJH

TODD LYONS, et al.,

        Respondents.

_____

## ORDER

1.     Petitioner, with help from counsel, has filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 and Complaint for Declaratory and Injunctive Relief under the Administrative Procedure Act ("**Petition**," Doc. 1) and a Motion for Emergency Temporary Restraining Order ("**Motion for TRO**," Doc. 4).[1]  In both the Petition and Motion for TRO, Petitioner asserts that Immigration and Customs Enforcement unlawfully revoked his order of supervision and is illegally detaining him in violation of the Fifth Amendment Due Process Clause, the Immigration and Nationality Act and its implementing regulations, the Administrative Procedure Act, and the *Accardi*[2] doctrine. (*See generally* Doc. 1 at 12–19; Doc. 4-3).  In both filings, Petitioner requests, *inter alia*, that the Court enjoin Respondents from removing him from the United States or otherwise transferring him outside of this Court's jurisdiction during the pendency of this action. (Doc. 1 at 20; Doc. 4 at 2; Doc. 4-3 at 3).  Temporary restraining orders are meant to

---

[1] Counsel filed the Memorandum in Support of the Motion for TRO twice.  (Doc. Nos. 4-3, 5).

[2] *United States ex rel. Accardi v. Shaughnessy*, 347 U.S. 260, 265 (1954).

"preserv[e] the status quo rather than grant[] most or all of the substantive relief requested in the complaint." *Fernandez-Roque v. Smith*, 671 F.2d 426, 429 (11th Cir. 1983).  Here, Petitioner essentially seeks to obtain the affirmative relief sought in the Petition on an expedited basis, rather than preserve the status quo.  Moreover, to the extent Petitioner asks the Court to stay his removal, the Court is without jurisdiction to do so.  *See* 8 U.S.C. § 1252. Therefore, Petitioner's Motion for TRO (Doc. 4) is **DENIED without prejudice**.[3] Nevertheless, given the exigency of the circumstances, the Court will issue an expedited response time to the Petition.

2.      The Clerk of Court shall send a copy of the Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 (Doc. 1) and this Order by **e-mail** to the United States Attorney for the Middle District of Florida (USAFLM.JAX.Civil.NewCases@usdoj.gov); and by **certified mail** to the Director of Enforcement and Removal Operations, Miami Field Office, 865 S.W. 78th Avenue, Suite 101, Plantation, FL 33324; the Attorney General of the United States, 950 Pennsylvania Avenue NW, Washington, DC 20530; and Warden or Facility Director, North Florida Detention Center, 20706 U.S. Highway 90 West, Sanderson, Florida 32087.  All costs of service shall be advanced by the United States.

3.      Respondents, within **14 days** from the date of this Order, shall respond to the Petition, and show cause why the Petition should not be granted.

4.      If Petitioner is removed from the United States or otherwise released from custody, Respondents must file a notice within **3 days** of Petitioner's change in custody.

---

[3] Petitioner's counsel must comply with Local Rule 6.01(c).

2

5.      The parties must mark for identification all transcripts, briefs, affidavits, and other documentary exhibits and, if more than one, submit a table of contents or index (with a title, description, and date of each document).  The Court will strike and return any exhibits that do not comply with these requirements.  If a party relies on a deposition, the entire transcript must be filed.

6.      After Respondents file a response, Petitioner shall have **14 days** to file a reply to Respondents' response.

**DONE AND ORDERED** in Jacksonville, Florida, on April 29, 2026.

_____
WENDY W. BERGER
UNITED STATES DISTRICT JUDGE

c:
Counsel of Record

3